**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JENNIFER DAUGHERTY,

      **Plaintiff,**

      **v.**
                                          **Case Number 2:25-cv-1257**
                                           **Judge Edmund A. Sargus, Jr.**
                                           **Magistrate Judge Kimberly A. Jolson**

SELECT SPECIALTY HOSPITAL-
COLUMBUS, INC, *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 20.) For the reasons stated in this Opinion and Order, Defendants' Motion is **GRANTED.**

## BACKGROUND

In October 2025, Plaintiff Jennifer Daugherty filed a Complaint against Defendants, two hospitals located in Columbus, Ohio, bringing state-law claims. (ECF No. 1.) The Complaint asserted diversity jurisdiction under 28 U.S.C. § 1332. (*Id.*) Plaintiff is an Ohio citizen. (*Id.*) Defendants did not challenge the assertion of diversity jurisdiction, but their filings did not provide sufficient information for the Court to determine whether complete diversity exists in this case. Defendants' Answer admitted that both Defendants are "foreign corporation[s] formed under the laws of the State of Delaware." (ECF No. 7, ¶¶ 2–3.) But Defendant Select Specialty Hospital-Columbus, Inc. did not disclose its principal place of business (*see* ECF No. 7), and Defendant Regency Hospital of Columbus, LLC filed a citizenship disclosure statement asserting that it was a Delaware limited liability company with no members (ECF No. 18).

The Court issued an Order requiring Defendants to provide additional information regarding their citizenship for diversity jurisdiction purposes. (ECF No. 19.) Select Specialty Hospital-Columbus, Inc. was ordered to disclose its principal place of business and Regency Hospital of Columbus, LLC was ordered to provide more information regarding its status as a Delaware limited liability company with no members. (*Id.*)

Subsequently, Defendants filed the instant Motion to Dismiss asserting that complete diversity does not exist because Select Specialty Hospital-Columbus, Inc.'s principal place of business is in Ohio.[1] (ECF No. 20.) Plaintiff filed a response in opposition (ECF No. 22), and Defendants filed a reply (ECF No. 23).

**ANALYSIS**

Although Defendants' Motion does not identify the procedural basis for the Motion, the Court construes it as a factual challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A factual challenge to subject matter jurisdiction, as opposed to a facial challenge, challenges the "factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When reviewing a factual challenge to jurisdiction, "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003); *see also Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) ("In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve

---

[1] Defendants did not address Regency Hospital of Columbus, LLC's status as an LLC with no members and assert that dismissal of the action would moot the Court's order requiring more information about the LLC. (ECF No. 20, PageID 68.) The Court stayed the issue of the LLC's citizenship pending the determination of the instant Motion. (ECF No. 21.)

2

jurisdictional facts."). The Plaintiff has the burden of establishing jurisdiction on a Rule 12(b)(1) motion. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).

Defendants' Motion asserts that the case should be dismissed because Select Specialty Hospital-Columbus, Inc.'s principal place of business is in Ohio. (ECF No. 20, PageID 71.) Plaintiff filed a response in opposition highlighting the lack of evidence or information in the Motion. (ECF No. 22, PageID 77–78.) Defendants filed a reply providing more information supported by a declaration from Select Specialty Hospital-Columbus, Inc.'s Chief Executive Officer. (ECF Nos. 23, 23-1.) Defendants state that Select Specialty Hospital-Columbus, Inc. is located in Columbus, Ohio, where it provides medical care and treatment, and that it does not provide services outside of Ohio. (ECF No. 23, PageID 80.) Defendants further assert that Select Specialty Hospital-Columbus, Inc.'s headquarters are located in Columbus, Ohio, as that is where its Chief Executive Officer maintains her office and makes decisions for the corporation. (*Id.*)

A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). A corporation's principal place of business is where its "high level officers direct, control, and coordinate the corporation's activities," in other words, its headquarters or "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

As stated above, the Plaintiff has the burden of establishing subject matter jurisdiction to survive a motion to dismiss under Rule 12(b)(1). *Rogers*, 798 F.2d at 915; *Taylor*, 680 F.3d at 612. Plaintiff's response in opposition emphasized that Defendants failed to provide the Court with sufficient information to conclude whether jurisdiction existed. (ECF No. 22, PageID 77–

3

78.) Defendants replied and provided more information that Select Specialty Hospital-Columbus, Inc.'s headquarters are in Columbus, Ohio and that is where its Chief Executive Officer makes decisions for the corporation, satisfying the "nerve center" test adopted by the Supreme Court. *See Hertz*, 559 U.S. at 80.

Plaintiff also noted that "the most recent filing available on the Ohio Secretary of State's website indicates Select Specialty Hospital-Columbus, Inc.'s principal office [is] in Mechanicsburg, Pennsylvania." (*Id.* PageID 77.) Plaintiff did not provide the filing to the Court but, according to the citation, the filing is from 2006. (*Id.*) The Court is not convinced that a 20-year-old business form filed on the Ohio Secretary of State's website is sufficient to establish Select Specialty Hospital-Columbus, Inc.'s principal place of business for diversity jurisdiction purposes. *See Hertz*, 559 U.S. at 97 ("[W]e reject suggestions . . . that the mere filing of a form . . . listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"). Plaintiff has provided no other evidence, nor requested to conduct limited discovery or an evidentiary hearing to establish that Select Specialty Hospital-Columbus, Inc.'s principal place of business is outside of Ohio. Accordingly, Plaintiff has not met its burden to establish subject matter jurisdiction.

One final note: the Court reminds the Parties that "litigants and district courts must assure themselves of subject matter-jurisdiction at the earliest possible moment to avoid wasting judicial and party resources." *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (citing *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 764–65 (6th Cir. 2019)). Plaintiff's Complaint made no mention of Select Specialty Hospital-Columbus, Inc.'s principal place of business. And Defendants were in possession of the information regarding Select Specialty Hospital-Columbus, Inc.'s principal place of business since the outset

of this litigation, but they challenged subject matter jurisdiction only after the Court's inquiry into their citizenship and while discovery on the merits was already underway. Had the Parties been more diligent at the outset of litigation, the issue could have been resolved before the case proceeded into discovery on the merits.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **GRANTS** (ECF No. 20) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to enter judgment and terminate this case on the docket.

**IT IS SO ORDERED**.


**6/16/2026**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**